ORIGINAL

REISSUED FOR PUBLICATION
JAN 3 2017
OSM
U.S. COURT OF FEDERAL CLAIMS

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 16-1044V
Filed: November 29, 2016
(Not for publication)

FILED
NOV 29 2016
U.S. COURT OF FEDERAL CLAIMS

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                                *
APRISES PHILLIPS and,                           *
IVAN PHILLIPS, SR., parents                     *
of Ivana Phillips, a minor,                     *
                                                *   Decision to Dismiss;
                Petitioners,                    *   Statute of Limitations;
        v.                                      *   Untimely Filed
                                                *
SECRETARY OF HEALTH AND                         *
HUMAN SERVICES,                                 *
                                                *
                Respondent.                     *
                                                *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

*Aprises Phillips and Ivan Phillips, Sr., Chelsea, AL, pro se Petitioners.*
*Ryan Pyles, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION

**HASTINGS,** *Special Master.*

This is an action seeking an award under the National Vaccine Injury Compensation Program (hereinafter the "Program"-- *see* 42 U.S.C. § 300aa-10 *et seq.*[1]). For the reasons stated below, I conclude that the petition must be dismissed because the petition was not timely filed.

---

[1] The applicable statutory provisions defining the Program are found at 42 U.S.C. § 300aa-10 *et seq.* (2012 ed.). Hereinafter, for ease of citation, all "§" references will be to 42 U.S.C. (2012 ed.). I will also sometimes refer to the statutory provisions defining the Program as the "Vaccine Act."

1

I

## APPLICABLE STATUTORY PROVISION

The statutory deadlines for filing Program petitions are provided at § 300aa-16. With respect to vaccinations administered after October 1, 1988, as was the vaccine at issue here, § 300aa-16(a)(2) provides that a Program petition must be filed within 36 months of the onset of the first symptom of the injury alleged to have been vaccine-caused.[2]

II

## PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS

On August 23, 2016, Aprises Phillips and Ivan Phillips, Sr. ("Petitioners"), acting *pro se*, filed a Petition alleging that their daughter, Ivana Phillips, was injured by a vaccine or vaccines listed on the Vaccine Injury Table. *See* § 14. This Petition (ECF No. 16-1044) was filed in association with two other claims (*see* ECF Nos. 16-1046 and 16-1045), which were filed on behalf of Ivana's siblings (Ivan, and Ivanka). All three of these petitions present essentially the same facts, with each containing information pertaining to all three siblings. Ivana's Petition (ECF. No. 16-1044) stated that Ivana's "corresponding records" would be filed to support this claim (Petition, p. 2); however, no medical records have been filed.

Petitioners state that "[w]e are requesting compensation for our minor children, 9 year old Ivan Phillips, 7 year old Ivana Phillips, and 6 year old Ivanka Phillips, under the National Vaccine Injury Compensation Program for injuries, including encephalopathy, resulting from adverse effects of vaccinations, specifically, but not limited to the MMR vaccination Ivan Phillips received on 8/25/2008 and the MMR vaccination Ivan Phillips received on 12/31/2008." (Petition, p. 1.)[3]

Ivana Phillips was born on December 18, 2008. (Petition, p. 2.) Petitioners claim that about two weeks later, when Ivana's brother, Ivan, received an MMR (measles-mumps-rubella) vaccination on December 31, 2008, Ivan "became sick with measles

---

[2]   *See* § 300aa-16(a)(2)("In the case of * * * a vaccine set forth in the Vaccine Injury Table which is administered after October 1, 1988, if a vaccine-related injury occurred as a result of the administration of such vaccine, no petition may be filed for compensation under the Program for such injury after the expiration of 36 months after the date of the occurrence of the first symptom or manifestation of onset or of the significant aggravation of such injury.").

[3]   Ivan's vaccination on August 25, 2008, occurred almost four months *before* his sister Ivana was born. Ivan's vaccination on December 31, 2008, occurred thirteen days *after* Ivana was born.

2

symptoms," and then "Ivana became sick with measles symptoms" in January 2009, "through exposure." (*Id.*) According to the Petition, on January 22, 2009, when Ivana was about one month old, she was examined "by Dr. Ryan Walley, at Redmont Pediatric Associates, P.C. in Birmingham, AL, and she was sick with measles symptoms." (*Id.*) Ivana's mother alleges that Dr. Walley documented that Ivana "had a rash on her face that day, and he told Ivan Sr. and I that what she had was viral." (*Id.*)[4]

The Petition states that before these events, Ivana had been "developing normally," but then Ivana "got sick due to an exposure," and Ivana stopped developing normally. (Petition, p. 1.) Based on these allegations, Petitioners argue that they are eligible for compensation, on Ivana's behalf, "for injuries, including encephalopathy, resulting from adverse effects of vaccinations." (*Id.*) The effects of Ivana's alleged encephalopathy "include problems with fine and gross motor skills/functioning, behavior (psychological), and learning (cognitive)," as well as "recurrent infections." [5] (*Id.*) Further, Petitioners claim that Ivana's adverse symptoms persisted for more than six months, and that she continues to have developmental problems. (*Id.*, p. 2.)

Petitioners report that the treating pediatrician, Dr. James Womack,[6] informed them that "the MMR vaccine couldn't have caused the problems listed above, nor autism like behavior." (Petition, p. 2.) Further, Petitioners state that "[f]or a long time we were led to believe that the MMR vaccinations weren't the cause for the children's injuries." (*Id.*) Petitioners assert that as a result of these assurances, they did not file their Petition until years later, when they were "surprised to find out" that compensation might be available to them under the Vaccine Act.[7] (*Id.*) For this reason, and other delays related

---

[4]   As noted previously, neither Dr. Walley's medical records, nor any other records, have been filed in this case.

[5]   The Petition states that "Prior to the exposure causing Ivana's sickness with measles symptoms she was in good health, suffered no medical conditions with the exception of dry skin also referred to as eczema, and did not have the above listed problems, which we're seeking compensation for." (Petition, p. 2.)

[6]   Subsequently, Petitioners, in their letter filed on September 29, 2016, stated that the doctor's name is Wamack, not Womack.

[7]   This Decision concerns the issue of whether or not the Petition was *timely filed*. However, it should be noted that there have been many decisions that *reject* the claim that the MMR vaccination can cause autism spectrum disorders or developmental delay. *See, e.g.*, *Cedillo v. HHS*, No. 98-916V, 2009 WL 331968 (Fed. Cl. Spec. Mstr. Feb. 12, 2009) *aff'd*, 89 Fed. Cl. 158 (2009), *aff'd*, 617 F.3d 1328 (Fed. Cir. 2010); *Hazlehurst v. HHS*, No. 03-654V, 2009 WL 332306 (Fed. Cl. Spec. Mstr. Feb. 12, 2009), *aff'd*, 88 Fed. Cl. 473 (2009), *aff'd*, 604 F.3d 1343 (Fed. Cir. 2010); *Snyder v. HHS*, No. 01-162V, 2009 WL 332044 (Fed. Cl. Spec. Mstr. Feb. 12, 2009), *aff'd*, 88 Fed. Cl. 706 (2009). Therefore, even if the statute of limitations did not require dismissal of this case, it is extremely unlikely that Petitioners would be entitled to receive compensation under the Vaccine Act.

3

to obtaining medical records and scheduling medical appointments, the Petition was not filed until August 23, 2016. (*Id.*)

On September 29, 2016, Petitioners filed a supplemental statement providing further information concerning events that occurred in 2010 and later. (*See* Petitioners' Letter, ECF No. 4, filed Sept. 29, 2016.)

## III

## DISCUSSION

Petitioners contend that "Ivana became sick with measles symptoms" in January 2009, "through exposure" to her brother Ivan while he was ill with measles symptoms allegedly caused by his MMR vaccination on December 31, 2008. (Petition, p. 1.) Petitioners also state that before "the exposure causing Ivana Phillips' sickness with measles symptoms, she was in good health." (*Id.*) However, after Ivana "got sick due to exposure," in January 2009, Ivana "stopped" developing normally. (*Id.*) Thus, according to Petitioners' own representations, Ivana's symptoms, which Petitioners allege were caused by vaccines, first became apparent in January of 2009.

The Vaccine Act, at § 300aa-16(a)(2), requires that a Program petition with respect to a vaccination that was administered after October 1, 1988, must be filed within 36 months after the occurrence of the first symptom of the alleged injury. However, the Petition under consideration here was filed on August 23, 2016, more than *seven years* after the first appearance of Ivana's symptoms.[8] Therefore, under a straightforward application of § 300aa-16(a)(2), this petition is clearly time-barred.

The Petition acknowledges that Ivana's symptoms appeared more than 36 months before the Petition was filed, but requests that I "extend the deadline for filing this case."[9] (Petition, p. 2.) Further, Petitioners' Letter argues that they were unable to file their Petition earlier because they "had no idea that the National Vaccine Injury Compensation Program existed." (Petitioners' Letter, ECF No. 4, filed Sept. 29, 2016.)

The "extension" of the filing deadline that Petitioners desire could be considered a request for "equitable tolling" of the statute of limitations set forth in the Vaccine Act. Such tolling, however, is allowed only in very limited circumstances. *Cloer v. HHS*, 654

---

[8] Other than alleging that Ivana manifested symptoms of measles in January of 2009, Petitioners do not propose a specific date when the alleged onset of symptoms of an "encephalopathy" occurred, or when the other symptoms of developmental delay became apparent.

[9] Petitioners request that "considering all this along with their symptoms being older than three years, Ivan Sr. and I are asking that you extend the deadline for filing this case." (Petition, p. 2.)

4

F.3d 1322, 1344 (Fed. Cir. 2011). In *Cloer*, the U.S. Court of Appeals for the Federal Circuit affirmed that the statute of limitations begins to run on the "date of occurrence of the first symptom or manifestation of onset of the vaccine-related injury." *Id.* at 1325. This date is dependent on when the first sign or symptom of injury *appears*, not when a petitioner *discovers* (or suspects) a causal relationship between the vaccine and the injury. *Id.* at 1339. Nor is the filing deadline contingent on when a Petitioner becomes aware of the existence of the Vaccine Program.

The *Cloer* opinion also states that equitable tolling of the statute of limitations may possibly occur, but only in "extraordinary circumstances," such as when a petitioner files a timely but defective pleading, or is the victim of fraud or duress. *Id.* at 1344-45 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). Equitable tolling may *not* apply simply because the petitioner was unaware of a possible causal link between the vaccination and the vaccinee's injury.

Petitioners' Letter, filed on September 29, 2016, does not include any information demonstrating that Ivana's Petition was timely filed, nor does it offer any explanation that would suggest that equitable tolling is appropriate in this case. In fact, Petitioners' Letter does not even mention Ivana or the onset of her alleged injury.

Accordingly, I conclude that Petitioners have failed to satisfy the requirements of 42 U.S.C. § 300aa-16(a)(2), and therefore the Petition must be dismissed as untimely filed.

## IV

## CONCLUSION

It is, of course, very unfortunate that Ivana suffers from a debilitating chronic condition. She is certainly deserving of sympathy for that condition. As the above discussion indicates, however, I have no choice but to conclude that this petition must be dismissed, because it was not timely filed. Absent a timely motion for review of this Decision, the Clerk of this Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

_____
George L. Hastings, Jr.
Special Master