**ORIGINAL**

# In the United States Court of Federal Claims

No. 16-1044 V

(Filed April 6, 2017)[1]

**FILED**
APR - 6 2017
U.S. COURT OF
FEDERAL CLAIMS

**UNPUBLISHED**

```
* * * * * * * * * * * * * * * * * * * * * * * * *
APRISES PHILLIPS and              *
IVAN PHILLIPS, SR., parents of    *
Ivana Phillips, a minor,          *
                                  *
                                  *   National Childhood Vaccine
            Petitioners,          *   Injury Act of 1986, 42 U.S.C.
                                  *   §§ 300aa-1 to -34 (2012);
    v.                            *   Untimely Petition under 42
                                  *   U.S.C. § 300aa-16(a)(2).
SECRETARY OF HEALTH AND           *
HUMAN SERVICES,                   *
                                  *
            Respondent.           *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

*Aprises Phillips* and *Ivan Phillips, Sr.*, Chelsea, AL, *pro se* petitioners.

*Ryan D. Pyles*, United States Department of Justice, with whom were *Joyce R. Branda*, Acting Assistant Attorney General, *C. Salvatore D'Alessio*, Acting Director, *Catherine E. Reeves*, Deputy Director, and *Heather L. Pearlman*, Assistant Director, Washington, DC, for respondent.

**OPINION**

**BUSH,** *Senior Judge.*

---

[1] Pursuant to Rule 18(b) of Appendix B of the Rules of the United States Court of Federal Claims, this opinion was initially filed under seal on March 10, 2017. Pursuant to ¶ 4 of the ordering language, the parties were to propose redactions of the information contained therein on or before March 24, 2017. No proposed redactions were submitted to the court.

Now pending before the court is petitioners' motion for review of the special master's dismissal of their petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 (2012) (the Vaccine Act). *See Phillips ex rel. Phillips v. Sec'y of Health & Human Servs.*, No. 16-1044V, 2016 WL 7636929 (Fed. Cl. Spec. Mstr. Nov. 29, 2016) (Opin.).[2] Petitioners seek compensation on behalf of their daughter Ivana, who allegedly developed encephalopathy and developmental difficulties as a result of vaccinations administered to her brother Ivan on August 25, 2008 and December 31, 2008. The special master dismissed the petition as untimely under 42 U.S.C. § 300aa-16(a)(2), based on the special master's finding that Ivana first displayed symptoms of her alleged vaccine-related injuries more than three years before the filing of the petition on August 23, 2016. The court, finding no error in the special master's findings of fact or conclusions of law, denies petitioners' motion for review and sustains the dismissal of this case.

## BACKGROUND[3]

### I.  Factual Background

Ivana was born on December 18, 2008. When she was two weeks old her brother Ivan, on December 31, 2008, was inoculated for the second time with the MMR (measles-mumps-rubella) vaccine. Her parents allege that Ivana came down with measles at that time, in January 2009, through exposure to her brother, and suffered a vaccine-related injury as a result. Pet. at 2. Although there is no precise diagnosis of Ivana's alleged vaccine-related injury in the petition, it might be broadly summarized as an encephalopathy-related developmental injury. *See* Pet. at 1 ("Effects of the[] encephalopathy include problems with fine and gross motor skills/functioning, behavior(psychological), and learning(cognitive)."). The petition acknowledged that Ivana's symptoms occurred more than three years before the petition was filed, and requested that the Office of Special Masters of

---

[2]  The court cites to the pages of the opinion posted on this court's website on January 3, 2017, not to the pagination of the Westlaw version of the document.

[3]  These facts are taken from the petition and other documents filed in this case by petitioners. The court makes no findings of facts in this opinion.

2

the Vaccine Program of this court "extend the deadline for filing this case." *Id.* at 2.

## II. Procedural History

Petitioners filed their petition for compensation under the Vaccine Act on August 23, 2016. They supplemented the petition with a letter which explained their delay in filing the petition; petitioners specifically noted that they "had no idea that the National Vaccine Injury Compensation Program existed." Letter of Sept. 29, 2016. Petitioners attempted to excuse the untimeliness of the petition by citing their difficulties in navigating the health care system and their lack of knowledge of the Vaccine Act's compensation program. *Id.* In their letter and in their petition, Ivana's parents also reported that at least two of their children's doctors had assured them the MMR vaccine was not the cause of their children's developmental problems. *Id.*; Pet. at 2. The special master considered petitioners' plea "to extend the deadline for filing this case," Pet. at 2, to be a request to equitably toll the Vaccine Act's statute of limitations.

The special master found that the symptoms of any vaccine injury that Ivana suffered, in January 2009, were manifest well before the thirty-six month limitations period provided by 42 U.S.C. § 300aa-16(a)(2). Opin. at 4. The special master considered the petition and supplemental letter to include a plea that he equitably toll the Vaccine Act's statute of limitations. *Id.* The special master declined to toll the statute of limitations embodied in 42 U.S.C. § 300aa-16(a)(2). Relying on the binding precedent of *Cloer v. Secretary of Health & Human Services*, 654 F.3d 1322 (Fed. Cir. 2011) (*en banc*), he found that ignorance of the Vaccine Act and vaccine injury causation theories does not excuse the failure to file a timely petition for compensation under the Act. The petition in this case was dismissed as untimely on November 29, 2016 by order of the special master.

Petitioners filed their *pro se* motion for review of that dismissal on December 28, 2016. The government's response to their motion was filed on January 24, 2017. Petitioners' motion is therefore ripe for review.[4]

---

[4]/ On February 23, 2017, petitioners filed a document titled "Election to File a Civil Action." If the court understands the overall intent of this document, which is not easy to decipher,

(continued...)

## DISCUSSION

### I.  Standards of Review

This court has jurisdiction to review the decision of a special master in a Vaccine Act case. 42 U.S.C. § 300aa-12(e)(2). This court uses three distinct standards of review in Vaccine Act cases, depending upon which aspect of a special master's judgment is under scrutiny:

> These standards vary in application as well as degree of deference. Each standard applies to a different aspect of the judgment. Fact findings are reviewed . . . under the arbitrary and capricious standard; legal questions under the "not in accordance with law" standard; and discretionary rulings under the abuse of discretion standard.

*Munn v. Sec'y of Dep't of Health & Human Servs.*, 970 F.2d 863, 870 n.10 (Fed. Cir. 1992).

The arbitrary and capricious standard of review, applied to the special master's factual findings, is limited in scope and is highly deferential. *Lampe v. Sec'y of Health & Human Servs.*, 219 F.3d 1357, 1360 (Fed. Cir. 2000). For legal questions, the court reviews the special master's conclusions *de novo*, without deference. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008); *Saunders v. Sec'y of Dep't of Health & Human Servs.*, 25 F.3d 1031, 1033 (Fed. Cir. 1994).

---

(...continued)
petitioners therein attempt to elect to pursue a vaccine injury claim in another forum, but only if a deadline for such an election is imminent. The document references a "Judgment" filed on January 24, 2017. The government's response brief was filed on January 24, 2017. That document is not a judgment. Only the Clerk's Office of this court can enter a judgment; when judgment is entered, petitioners will receive notice of that fact.

Pursuant to Vaccine Rule 12, an election "to file a civil action for damages" must occur "[w]ithin 90 days after the entry of judgment." This opinion directs the Clerk of the Court to enter judgment in this case. The court cannot advise petitioners on the "election" mentioned in Vaccine Rule 12. To elect, or not to elect, to file a civil action for damages is their choice alone.

In this case, the court reviews the special master's factual findings as to the timing of Ivana's first symptoms of an encephalopathy-related developmental injury under the deferential arbitrary and capricious standard. *See, e.g., Carson ex rel. Carson v. Sec'y of Health & Human Servs.*, 727 F.3d 1365, 1369 (Fed. Cir. 2013) (affirming a special master's fact findings as to symptom onset under the arbitrary and capricious standard). By contrast, the special master's interpretation and application of the Vaccine Act's statute of limitations present questions of law which the court reviews *de novo*. *Goetz v. Sec'y of Health & Human Servs.*, 45 Fed. Cl. 340, 341 (1999), *aff'd*, 4 F. App'x 827 (Fed. Cir. 2001).

## II. The Special Master Did Not Err in Dismissing the Petition as Untimely

Pursuant to the Vaccine Act's limitations provision, "no petition may be filed for compensation under the Program for [a vaccine-related] injury after the expiration of 36 months after the date of the occurrence of the first symptom or manifestation of onset or the significant aggravation of such injury." 42 U.S.C. § 300aa-16(a)(2). The special master found that Ivana's first symptoms of an alleged vaccine-related injury occurred in January 2009, more than 36 months before the petition was filed in this case. Petitioners do not attempt to refute this factual finding, and the record before the special master supports that finding as to the onset of Ivana's symptoms.[5] Thus, under the arbitrary and capricious standard applicable here, *Munn*, 970 F.2d at 870 n.10, the special master's finding that the petition filed in this case was untimely under 42 U.S.C. § 300aa-16(a)(2) must be sustained.

The only real dispute before the court, then, is whether the special master erred when he did not equitably toll the limitations period for the filing of the petition in this case. Following *Cloer*, the special master found that petitioners' allegation that they were unaware of the Vaccine Act's compensation program during the first three years of Ivana's alleged vaccine injury was not sufficient reason to equitably toll 42 U.S.C. § 300aa-16(a)(2). *See* Opin. at 5 (commenting that the limitations period is not "contingent on when a Petitioner becomes aware of the existence of the Vaccine Program"). Again applying *Cloer*, the special master held that petitioners' delayed investigation of a causal link between Ivan's

---

[5] Ivana's measles episode in January 2009 is alleged to have caused encephalopathy, although the precise date of the encephalopathy is not provided in the petition.

5

MMR vaccinations and Ivana's alleged injury, purportedly delayed because of reassurances from their children's pediatricians, also was not cause to equitably toll the statute of limitations. *Id.* In the court's view, the special master's application of the law of equitable tolling, as expressed in *Cloer*, is unassailable.

Three aspects of the *Cloer* decision are relevant to this question. First, the United States Court of Appeals for the Federal Circuit, acting *en banc*, construed the Vaccine Act to *not* include a "discovery rule," under which the limitations period could vary depending on the date a vaccinee discovered the causal link between his or her health condition and a particular vaccination. 654 F.3d at 1340. While discussing this issue, the Federal Circuit stated: "In our view the personal, plaintiff-oriented approach of a discovery rule is antithetical to the simple, symptom-keyed test expressly required by the Vaccine Act's text." *Id.* Congress, according to *Cloer*, intended the Vaccine Program to be simple and easy to administer, and for the results of the compensation program to be the same for similarly-situated vaccinees. *Id.* Congress did not intend compensation outcomes to "vary widely based on each plaintiff's personal circumstances." *Id.* This passage in *Cloer* counsels against tolling the limitations period for Vaccine Act petitions to accommodate the date a petitioner discovers that the Vaccine Program exists or the date that petitioners discover information, accurate or inaccurate, linking vaccinations to the symptoms experienced by their child. *Cf. Speights ex rel. Speights v. Sec'y of Health & Human Servs.*, No. 03-2619V, 2013 WL 5944084, at *13 & n.36 (Fed. Cl. Spec. Mstr. Oct. 17, 2013) (holding that Congress did not intend for the Vaccine Act's statute of limitations to be tolled if the only justification for tolling was that a petitioner had not received information about the Vaccine Act's compensation program at the time of vaccination (citing *Cloer*, 654 F.3d at 1327)).

A second passage in *Cloer* is even more inhospitable to petitioners' request for equitable tolling. Citing a number of cases where the equitable tolling of statutes of limitation was contemplated, the Federal Circuit noted that the application of equitable tolling is limited to extraordinary circumstances, such as a timely but ineffective filing of a defective pleading, a filing prevented by fraud or duress, or where the diligent pursuit of a legal right was delayed by unusual circumstances. *Cloer*, 654 F.3d at 1344-45 & n.11 (citations omitted). Equitable tolling in Vaccine Act cases, pursuant to *Cloer*, is a doctrine with "stringent requirements." *Id.* at 1345 n.11. Here, petitioners' excuse for not filing a timely

Vaccine Act petition is simply that they were unaware of the Vaccine Program, or that their pediatricians did not believe that Ivana's developmental problems could be traced to Ivan's MMR vaccinations. The special master correctly held that under *Cloer*, ignorance of the Vaccine Act and theories linking vaccinations to developmental problems is not sufficient to justify the equitable tolling of 42 U.S.C. § 300aa-16(a)(2).

Third, and equally damning to petitioners' request, is the Federal Circuit's application of the equitable tolling analysis to the facts of *Cloer*. Dr. Melissa Cloer requested equitable tolling in that proceeding because she was only alerted to a possible link between her multiple sclerosis and her Hepatitis-B vaccine in 2004, whereas her first symptom of the disease was seen in 1997. She argued that it was "inequitable and unfair to hold her to the 36 month filing period when she had no reason to know, before 2004, of the causal link between her injury and the Hep-B vaccine." *Cloer*, 654 F.3d at 1344. The Federal Circuit rejected this argument because Dr. Cloer had not cited *any* extraordinary circumstances preventing her from filing a timely Vaccine Act petition. *Id.* at 1344-45.

In doing so, the Federal Circuit rejected Dr. Cloer's "unfair result because she had no reason to know" equitable tolling argument. Although Dr. Cloer contended that it was inequitable and unfair to be deprived of access to Vaccine Act compensation due to a lack of information at the time of the onset of the alleged injury, the Federal Circuit did not agree that Dr. Cloer's argument justified equitable tolling in that case. *Id.* at 1344. Here, too, petitioners state that it is unfair to deprive Ivana of Vaccine Act compensation because the Vaccine Act and vaccine-injury causation theories were unknown to her family at the crucial time. Mot. for Review at 1.

The *Cloer* decision, however, makes it clear that lack of information essential to a Vaccine Act claim is not sufficient, in itself, to justify equitable tolling of 42 U.S.C. § 300aa-16(a)(2). *See* 654 F.3d at 1345 (denying Dr. Cloer's appeal, in part, because of "Dr. Cloer's failure to point to circumstances that could justify the application of equitable tolling to forgive her untimely claim"). Ignorance of the provisions of the Vaccine Act has repeatedly been held to be insufficient to justify equitable tolling of the limitations period in 42 U.S.C. § 300aa-16(a)(2). *See Maack v. Sec'y of Health & Human Servs.*, No. 12-354V, 2013 WL 4718924, at *5 (Fed. Cl. Spec. Mstr. Aug. 6, 2013) ("A petitioner's lack

of knowledge of the law does not constitute an extraordinary circumstance permitting equitable tolling of the statute of limitations." (citing *Cloer*, 654 F.3d at 1344-45)); *Johnston v. Sec'y of Health & Human Servs.*, No. 11-796V, 2013 WL 664709, at *5 (Fed. Cl. Spec. Mstr. Jan. 31, 2013) ("To endorse the argument that ignorance of the law thereby tolls the application of the Vaccine Act limitations period would *not* be consistent with the Federal Circuit's teaching [in *Cloer*] that the equitable tolling doctrine is to be applied 'sparingly.'"); *Anderson v. Sec'y of Health & Human Servs.*, No. 12-16V, 2013 WL 691003, at *4 (Fed. Cl. Spec. Mstr. Jan. 29, 2013) ("It is well-established that a petitioner's lack of knowledge of the law does not constitute an extraordinary circumstance justifying equitable tolling of the statute of limitations.") (citing cases).

Nor is equitable tolling available simply because a doctor advised parents that there was no causal link between a vaccination and the child's alleged vaccine injury. *See, e.g., Powers v. Sec'y of Health & Human Servs.*, No. 14-1195V, 2016 WL 1730189, at *5 (Fed. Cl. Spec. Mstr. Apr. 8, 2016) (holding that the alleged failure of doctors to diagnose a child's "condition as a vaccine injury" is irrelevant to the equitable tolling inquiry under *Cloer*); *Goetz*, 45 Fed. Cl. at 343 (finding that equitable tolling did not apply even where the filing of a Vaccine Act claim was "persistently thwarted by [allegedly] incorrect information from doctors"). Under the *de novo* standard of review applicable here, *Munn*, 970 F.2d at 870 n.10, the court sustains the special master's decision that petitioners failed to identify extraordinary circumstances which would justify the equitable tolling of the limitations period in 42 U.S.C. § 300aa-16(a)(2).

## CONCLUSION

For the foregoing reasons, the court finds no error in the special master's dismissal of petitioners' claim as untimely under 42 U.S.C. § 300aa-16(a)(2). Accordingly, it is hereby **ORDERED** that

(1) Petitioners' Motion for Review, filed December 28, 2016, is **DENIED**;

(2) The decision of the special master, filed November 29, 2016, is **SUSTAINED**;

8

(3)  The Clerk's Office is directed to **ENTER** final judgment in accordance with the special master's decision of November 29, 2016; and

(4)  The parties shall separately **FILE** any proposed redactions to this opinion, with the text to be redacted clearly marked out or otherwise indicated in brackets, on or before **March 24, 2017**.

LYNN J. BUSH
Senior Judge